UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

LORAINE ANGELA LEWIS,

    Plaintiff,

                                    No. 3:20-cv-00691

v.

ANTHONY HOWARD ESPESETH,

    Defendant.

───────────────────────────────────────────────

## THE DEFENDAT'S ANSWER TO THE COMPLAINT

───────────────────────────────────────────────

The defendant, ANTHONY ESPESETH, by counsel, in response to the complaint in this matter, states as follows:

**"Introduction"**

1. Admit.

2. Deny. The paragraph states conclusions of law to which no responsive pleading is required.

3. Deny. The paragraph states conclusions of law to which no responsive pleading is required.

4. Deny. The paragraph states conclusions of law to which no responsive pleading is required.

5. Admit.

6. Neither admit nor deny, as Mr. Espeseth has insufficient information because the plaintiff has failed to provide proof of her income in the form of her total income (or adjusted

gross income for an IRS Form 1040EZ) from her U.S. Federal income tax liability. 8 C.F.R. § 213a.1.

7. Deny.  The paragraph states conclusions of law to which no responsive pleading is required.

**"Jurisdiction and Venue"**

8. Admit

9. Admit.

10. Admit.

11. Admit.

**"Plaintiff"**

9. [sic] Admit in part, deny in part.  The plaintiff is a citizen of Jamaica and, upon information and belief, is a conditional resident of the United States.

10. [sic] Admit.

**"Defendant"**

11. [sic] Admit.

12. Deny.  The paragraph states conclusions of law to which no responsive pleading is required.

13. Admit.

**"Factual Allegations"**

14. Deny.  The paragraph states conclusions of law to which no responsive pleading is required.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Deny.  The paragraph states conclusions of law to which no responsive pleading is required.

23. Admit.

24. Admit.

25. Deny.  The paragraph states conclusions of law to which no responsive pleading is required.

26. Admit.

27. Admit.

28. Admit.

29. Admit.

30. Admit.

31. Deny.  The paragraph states conclusions of law to which no responsive pleading is required.

32. Deny.  The paragraph states conclusions of law to which no responsive pleading is required.

33. Admit.

34. Admit.

35. Admit.

36. Admit.

37. Admit.

38. Deny. The paragraph states conclusions of law to which no responsive pleading is required.

39. Deny. The paragraph states conclusions of law to which no responsive pleading is required.

40. Admit.

41. Admit.

42. Admit.

43. Admit.

44. Admit.

45. Admit.

46. Admit.

47. Admit.

48. Admit.

49. Admit.

50. Admit.

51. Deny. The paragraph states conclusions of law to which no responsive pleading is required.

52. Deny. The paragraph states conclusions of law to which no responsive pleading is required.

53. Deny. The paragraph states conclusions of law to which no responsive pleading is required.

**"Plaintiff's Immigration to the United States"**

54. Admit.

55. Admit.

56. Admit.

57. Admit.

58. Admit.

59. Admit.

60. Admit.

61. Admit.

62. Admit.

63. Admit.

64. Admit.

65. Deny. The marriage was on May 9, 2018.

66. Admit.

67. Admit in part, deny in part. Ms. Weber was acting as attorney for both parties.

68. Admit.

69. Admit.

70. Admit in part, deny in part. Ms. Weber was acting as attorney for both parties.

71. Admit.

72. Admit.

73. Admit.

74. Admit

75. Admit.

76. Deny.  The paragraph states conclusions of law to which no responsive pleading is required.

77. Deny.  The paragraph states conclusions of law to which no responsive pleading is required.

78. Admit.

79. Admit.

80. Admit.

**"Ms. [sic] Espeseth's breach of contract"**

81. Deny.  The paragraph states conclusions of law to which no responsive pleading is required.

82. Deny.  The paragraph states conclusions of law to which no responsive pleading is required.

83. Deny.  The paragraph states conclusions of law to which no responsive pleading is required.

84. Deny.  The paragraph states conclusions of law to which no responsive pleading is required.

85. Neither admit nor deny, as Mr. Espeseth has insufficient information because the plaintiff has failed to provide proof of her income in the form of her total income (or adjusted gross income for an IRS Form 1040EZ) from her U.S. Federal income tax liability. 8 C.F.R. § 213a.1.

86. Neither admit nor deny, as Mr. Espeseth has insufficient information because the plaintiff has failed to provide proof of her income in the form of her total income (or

adjusted gross income for an IRS Form 1040EZ) from her U.S. Federal income tax liability. 8 C.F.R. § 213a.1.

**"Facts concerning Terminating Events"**

87. Deny.  The paragraph states conclusions of law to which no responsive pleading is required.

88. Admit.

89. Admit.

90. Neither admit nor deny, as Mr. Espeseth has no information as to whether the plaintiff has lost her conditional resident status.

91. Neither admit nor deny, as Mr. Espeseth has no information as to whether the plaintiff has been placed in removal proceedings.

92. Admit.

93. Deny.  The paragraph states conclusions of law to which no responsive pleading is required.

**"CLAIMS FOR RELIEF, 1 – Breach of Contract"**

94. The defendant relies on the above stated answers to allegations 1 through 93.

95. Deny.

96. Deny.

97. Deny.

98. Deny.

99. Deny.

100. Deny.

101. Deny.

102. Deny.

**FACTUAL ALLEGATIONS COMMON TO ALL AFFIRMATIVE DEFENSES**

1. On November 29, 2018, just slightly more than six months after the date of marriage, Mr. Espeseth filed for divorce in Chippewa County Circuit Court, case no. 2018FA000319.  **Exhibit 1.**

2. On May 3, 2019, U.S. Citizenship and Immigration Services (USCIS) issued a notice for an interview on the plaintiff's adjustment of status application (receipt no. MSC1891218260) which was scheduled on June 13, 2019 at the USCIS Minneapolis Field Office.  **Exhibit 2.**

3. On June 13, 2019, Mr. Espeseth and the plaintiff both arrived at the Minneapolis Field Office but were interviewed separately by a USCIS officer. Attorney Weber did not attend, and neither party was represented by counsel.  Mr. Espeseth informed the officer that he had filed for divorce shortly after the marriage, the divorce remained pending, and he believed the plaintiff only entered the marriage to obtain permanent residence, thereby committing visa fraud.

4. Although the law does not permit withdrawal of an approved Form I-129F, it does permit withdrawal of the Form I-864, Affidavit of Support prior to the approval of the adjustment of status.  8 C.F.R. § 213a.2(f) states as follows:

    > In an adjustment of status case, once the sponsor, substitute sponsor, joint sponsor, household member, or intending immigrant has presented a signed affidavit of support and any required attachments to an immigration officer or immigration judge, the sponsor, substitute sponsor, joint sponsor, or household member may disavow his or her agreement to act as sponsor, substitute sponsor, joint sponsor, or household member only if he or she does so in writing and submits the document to the immigration officer or immigration judge before the decision on the adjustment application.

5. The language of 8 C.F.R. § 213a.2(f) does not appear in the Form I-864.  Even though Mr. Espeseth was unrepresented by counsel and expressed a clear intent to

8

end his marriage and the visa process, the officer did not inform him of his ability to withdraw the Form I-864.  Upon information and belief, USCIS initiated no fraud investigation and the plaintiff's conditional residence was approved the following day, on June 14, 2019.

6. The plaintiff raised the issue of support under the Form I-864 in divorce proceeding in Chippewa County Circuit Court.  Both parties were represented by counsel.  On October 28, 2019, after a hearing in which both parties testified, the court denied her claim.  In the judgment of divorce, maintenance was waived by both parties.  **Exhibit 3.**

### DEFENDANT'S AFFIRMATIVE DEFENSES

1. **First Affirmative Defense - Illegal Contract/Failure to Disclose**

   The Form I-864 in this matter is an illegal contract as it failed to disclose a fundamental term, specifically, Mr. Espeseth's right to withdraw the financial sponsorship under 8 C.F.R. § 213a.2(f).  USCIS compounded this problem at the adjustment interview when it again failed to disclose this right after Mr. Espeseth informed the officer he had filed for divorce shortly after the marriage, the divorce remained pending, and he believed the plaintiff fraudulently entered the marriage to obtain a visa.

2. **Second Affirmative Defense - Illegal Contract/Against Public Policy**

   In twice failing to inform Mr. Espeseth of his right under 8 C.F.R. § 213a.2(f), or initiating a marriage fraud investigation, USCIS's actions were in clear violation of long-

standing public policy in immigration law.  *See generally*, The Immigration Marriage Fraud Amendments Act of 1986.

3. **Third Affirmative Defense – Res Judicata**

   The claim is barred because the plaintiff raised the issue in divorce proceedings and now seeks to relitigate it.

4. **Fourth Affirmative Defense – Collateral Estopple**

   The claim is barred because the plaintiff had a full and fair opportunity to litigate in divorce proceedings and received a judgment.

5. **Fifth Affirmative Defense – Offset**

   Any alleged past or future damages sought by the plaintiff are offset by income she earned or will earn since June 14, 2019, in the form of her total income (or adjusted gross income for an IRS Form 1040EZ) from her U.S. Federal income tax liability. Mr. Espeseth has requested this information for months, and the defendant continues to fail to provide it.

6. **Sixth Affirmative Defense – Equitable Estopple**

   The claim is barred because the plaintiff's conduct amounted to false representation or concealment of material facts in inducing Mr. Espeseth to sign the Form I-864.

7. **Seven Affirmative Defense – Fraud in the Inducement**

   The claim is barred because the plaintiff committed fraud by deceit, misrepresentation or other means in inducing Mr. Espeseth to sign the Form I-864.

8. **<u>Eigth Affirmative Defense</u>**

   Mr. Espeseth reserves the right to raise additional affirmative defenses as appropriate. The affirmative defenses are not exhaustive, as he may defend this action on any applicable legal grounds.

Dated: October 28, 2020.

Respectfully submitted,

s/Erich C. Straub
Wisconsin State Bar No. 1020638
Attorney for the defendant

Erich C. Straub, Immigration Attorney LLC
250 E Wisconsin Ave, Ste 810
Milwaukee, WI 53202
Telephone: (414) 224-8472
Fax: (414) 250-7770
erich@straubimmigration.com